## Parker v. City of Corbin.

(Decided October 2, 1912.)

Appeal from Whitley Circuit Court.

Sinking Fund—When Sufficient Under Sec. 159 Constitution.—A sinking fund is sufficient under section 159 of the Constitution when the amount raised by taxation when added to the interest that may be reasonably realized on it is sufficient to pay off the bonds at maturity.

J. M. ROBSION for appellant.

M. A. GRAY for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON—Affirming.

The city of Corbin, by a vote at the November election in 1911 authorized the City Council to incur an indebtedness not exceeding forty thousand ($40,000) dollars for the purpose of installing a waterworks system and to issue bonds not exceeding that amount, falling due in twenty years and bearing interest at the rate of five per cent per annum. It was provided in the ordinance calling the election that five per cent of the amount of the bonds issued should be raised annually by taxation to pay the interest on the bonds and that four per cent of the amount of the bonds issued should be raised annually by taxation to create a sinking fund to pay the bonds at maturity. This action was brought by J. H. Parker, a taxpayer of the town to enjoin the issue of the

bonds on the ground that the ordinance is invalid in that it does not provide for the creation of a sufficient fund to pay the bonds at maturity. It is said that four per cent of the amount of the bonds for twenty years will only make, in all, eighty per cent of the amount of the bonds and that, therefore, twenty per cent of the amount of the bonds is left unprovided for. But, the accuring interest on the bonds is provided for by the levy of five per cent made for that purpose and no part of the money going into the sinking fund will have to be paid out for twenty years if the bonds are not taken up until maturity. In the meantime, this fund, by proper management, can be made to bear interest. The city answered showing that it had made arrangements with a solvent bank to allow it interest on this money at the rate of three per cent per annum. The interest on the money at three per cent will, when added to the principal, amount to more than the face of the bonds.

We had a similar question before us in Lewis v. City of Winchester, 140 Ky., 244, and in disposing of it we said:

"The objection that the tax provided for is insufficient and the series of bonds, therefore, invalid, is based upon the provision of section 159 of the Constitution, which is as follows:

" 'Whenever any city, town, county, taxing district or other municipality is authorized to contract an indebtedness, it shall be required, at the same time to provide for the collection of an annual tax sufficient to pay the interest on said indebtedness, and to create a sinking fund for the payment of the principal thereon, within not more than forty years from the time of contracting same.'

"It will be observed that the Constitution only requires that the tax shall be sufficient to pay the annual interest on the indebtedness and to create a sinking fund to pay the principal thereof within not more than forty years from the time of contracting the indebtedness. Manifestly, it was not the intention of the framers of the Constitution to require that more taxes should be collected from the people than necessary to meet the principal and the interest. It is not required that the city should collect the taxes and place the amount in its sinking fund without making any attempt to increase the aggregate of the sinking fund by investing the money held for the purpose of paying the bonds. The

city is authorized to do what any prudent man would do with his own money under the circumstances; that is, to invest it in some safe way which will produce an annual interest and thus increase the sinking fund from year to year, and thereby lessen the burden of the taxpayer. Obviously, the city has a right to do this, and it is equally clear that it will be enabled to so invest its money that there will be no deficit at the end of twenty years, but, on the contrary, there will be more money than necessary to pay off and extinguish the whole indebtedness of sixty-five thousand ($65,000) dollars."

Judgment affirmed.